UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES                              :

    v.                                    : Crim. No. 05-295M-01 (AK/TFH)

FREDDIE TILLERY, JR.                       :

**DEFENDANT'S MOTION TO REVIEW BOND STATUS**

COMES NOW Freddie Tillery, Jr., through undersigned counsel, Stephen F. Brennwald, and respectfully submits this Motion to Review Bond Status.  For the reasons stated below, the Court should release Mr. Tillery either on his personal recognizance, or under the supervision of an electronic monitoring program or a halfway-house.

1.  Mr. Tillery is charged by Criminal Complaint with one count of Unlawful Distribution of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  Specifically, the government alleges that on May 17, 2005, Mr. Tillery sold $60 worth of cocaine to a cooperating witness.  (The government also alleged at the detention hearing that Mr. Tillery sold to the same cooperating witness $40 worth of cocaine on May 16, 2005.

2.  Mr. Tillery is 33 years old.  He lived until his arrest with LaMonica Gross, his girlfriend of 6 years.  He has a multitude of family ties in the Washington, D.C. area, where he has resided his entire life.

3.  Mr. Tillery has two prior convictions.  The first, in 1995, was for Attempted Distribution of Cocaine.  Mr. Tillery was placed on eighteen months' probation.  This probation was revoked for a technical violation, and Mr. Tillery was sentenced to 120 days in prison.

Mr. Tillery's second conviction was for Attempted Possession with Intent to Distribute Cocaine. He was sentenced on that case to two years' probation. The probation was terminated unsatisfactorily three months before the expiration of the two-year probation period.

Mr. Tillery has no other convictions, either in Washington, D.C. or in any other jurisdiction. And although neither probationary period terminated successfully, there is no evidence that during the pre-trial period of supervision, Mr. Tillery violated any orders of a Superior Court judge, which is the relevant inquiry in this pre-trial situation.

4.  The government would have to concede that given the unusually small amount (for the U.S. District Court) of cocaine involved in this case, there is no applicable mandatory minimum sentence. In addition, although the government argued that under the United States Sentencing Guidelines, Mr. Tillery would qualify as a career offender given his two prior convictions, the government would also have to concede that post-*Booker*, the guidelines are merely advisory in nature.

5.  The government's argument at the detention hearing was unusually vigorous, given the amount of drugs involved here. This is certainly because the government wishes to have Mr. Tillery held so that he will cooperate in their investigation of other criminal activity, rather than because it seriously believes that a person involved in such a relatively small transaction, who is neither on probation or parole, must be held without bond pending trial. The defendant makes this statement based on statements made by government agents, and not based on a mere suspicion.

6.  It cannot be seriously contended that there are no conditions of combination of conditions that would assure the safety of the community were Mr. Tillery to be released.

Mr. Tillery could be electronically monitored, he could be placed in a halfway-house, and in fact, he could even be released on his own recognizance, given that he cannot and would not get into any further trouble given the pendency of this case.

7.  The defendant was held in this case presumably because of the strength of the government's case, and because of his potential dangerousness to the community.

However, pursuant to *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985), the "weight of the evidence" is the least important factor in considering a person's bond status because the court should not make a pretrial determination of a defendant's guilt.

As to potential danger to the community, unless each person accused of selling drugs must be held without bond, there are conditions of release that can be fashioned to ensure the safety of the community.  If Mr. Tillery has a drug problem, he can be placed in a pretrial drug program.  If the Court is concerned that he will engage in illegal drug activity, he can be placed on electronic monitoring or in a halfway-house.  Again, not to minimize this situation, but Mr. Tillery is not charged with distributing a vast amount of drugs.  As such, were he in Superior Court (as almost all individuals in his situation would be), he would be released with conditions.  It should be no different merely because he is in a courthouse yards away from the Superior Court.  *See, e.g.*, *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986) (can't detain a defendant on presumption alone unless there is proof of future dangerousness).

WHEREFORE, for the foregoing reasons, as well as for such other reasons as may appear to this Court, defendant prays that his bond be modified as determined by this Court after a hearing on this motion.

Respectfully submitted,


Stephen F. Brennwald, Esq.
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, S.E.
Washington, D.C.  20003
(202) 544-1990