UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FREDERICK TILLERY, JR.,<br>　　　　　　　Defendant. | Criminal No. 05-295M<br><br>**FILED**<br>MAY 2 3 2005<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## DETENTION MEMORANDUM

The Defendant, Frederick Tillery, Jr., has been charged in a criminal complaint with unlawful, knowing, and intentional distribution of a mixture and substance containing a detectable amount of powder cocaine, a narcotic drug controlled substance, violation of 21 U.S.C. § 841(a)(1). The government requested a detention hearing, which was held on May 23, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Special Agent Kevin Ashby of the F.B.I. testified for the government. The officer testified that on May 16, 2005 the Defendant was contacted on his cell

phone by a cooperating witness to arrange a drug transaction. Later that day, the cooperating witness drove to the area of 7th and Kennedy Street, NW, in the District of Columbia. The Defendant entered the car via the passenger side front door and had a conversation with the cooperating witness. The cooperating witness told the Defendant that she needed "2." The Defendant exited the vehicle, disappeared from view for a few minutes, and returned with 2 bags containing cocaine. In exchange for the 2 bags of cocaine, the cooperating witness handed the Defendant $40.00.

Again on May 17, 2005, the Defendant was contacted by the cooperating witness and a meeting was arranged for that afternoon at 8th and Longfellow streets in North West in the District of Columbia. At approximately 7:00 p.m., the cooperating witness drove to the designated area and the Defendant got in the vehicle. The Defendant gave the cooperating witness 3 $20.00 bags of cocaine in exchange for $60.00. Upon exiting the vehicle, the Defendant was arrested.

## Discussion

Having heard the testimony at the May 23, 2005 hearing, the Court found that there is probable cause to believe that the Defendant committed offenses in violation of 21 U.S.C. § 841(a)(1). When, as here, the Court finds that there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community, he should not be released pending trial.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in

pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. See 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant was found selling cocaine. The amounts sold were not substantial. Nevertheless, unsubstantial quantities of drugs do substantial damage to this community. Thus, the charges are serious.

The second factor, the weight of the evidence, favors detention. The Defendant was recorded on both audio and video surveillance tapes arranging, and selling, illicit drugs. Additionally, the government has testimony of the confidential witness to the drug transaction as well as audio recordings of the drug transaction recorded via a device placed on the confidential witness. Thus, the weight of th evidence, is overwhelming.

The third factor, the history and characteristics of the Defendant, again supports pretrial

detention. The Defendant has two prior drug related convictions, one for attempted distribution of cocaine, and the second for attempted possession with intent to distribute cocaine. The Defendant was placed on probation for the first charge, which was subsequently revoked. The Defendant was placed on probation for the second, which expired unsatisfactorily. These factors indicate to the Court this Defendant's inability to act lawfully, to keep his word to a judicial officer, and to abide by all conditions of his probation. This Defendant is not a good candidate for pre-trial release, based on his history, as there is no indication that he will abide by release conditions or will abstain from selling cocaine.

At the detention hearing, the Defendant indicated to the Court his desire to be released pending his trial so that he would be able to attend his daughter's graduation from high school. The Court appreciates the Defendant's pride for his daughter's graduation from high school, commends both the father and child for the accomplishment, and recognizes the Defendant's desire to attend that graduation. However, many children in our community never graduate from high school because they fall victim to drug abuse and the crime that accompany it, and are led by their elders to cocaine and other destructive drugs instead of to a diploma. Spanning ten years this Defendant has been a willing participant in the destruction of our community, by selling illegal and dangerous narcotics. The history and characteristics of this Defendant, therefore, favor detention.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, favors detention. The persistent problem of drug trafficking reported on consistently by the news media bears graphic witness to the fact that narcotic trafficking is an offense that tears the very fabric of our community. The nature and seriousness of the danger to the

community can hardly be overstated.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: May 23, 2005

ALAN KAY
UNITED STATES MAGISTRATE JUDGE

Case 1:05-cr-00231-RJL   Document 7   Filed 05/23/2005   Page 6 of 6