UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v | : | CRIMINAL NO. 05-231(RJL) |
| | : | |
| FREDDIE TILLERY, | : | |
| Defendant, | : | |

### GOVERNMENT'S MOTION TO IMPEACH DEFENDANT WITH HIS PRIOR CONVICTIONS PURSUANT TO RULE 609

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of defendant's prior convictions for impeachment purposes should the defendant elect to testify at trial in the above-captioned case. In support of this motion, the government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter:

1.  The defendant has been charged in a two-count indictment with two counts of Unlawful Distribution of Cocaine Base. The defendant has the following prior convictions:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
|---|---|---|---|---|
| Att. Distribute of Cocaine | F-2729-95 | D.C. Sup. Ct. | 18 months probation | 11-16-95 |
| Att. Possession with Intent to Distribute Cocaine | F-1545-01 | D.C. Sup. Ct. | 27 years ESS, 2 years probation | 1-10-02 |

On May 16, 2005, a confidential witness ("CW") working for the Federal Bureau of Investigation's Safe Streets Task Force purchased two ziplock bags of cocaine base from the

1

defendant. Specifically, shortly after 8:00 p.m., the CW contacted the defendant by calling him on his cellular telephone. The defendant agreed to sell a quantity of cocaine base to the CW in the area of the 700 Block of Longfellow Street, N.W., Washington, D.C. The CW drove into the 700 Block of Longfellow Street, N.W. and met the defendant. The defendant gave the CW 2 ziplocks bags containing .55 grams of crack cocaine in exchange for $40.00. This drug transaction was video taped by the FBI.

On May 17, 2005, the CW purchased an additional three ziplocks of cocaine base from the defendant. Specifically, shortly after 5:00 p.m., the CW contacted the defendant by calling him on his cellular telephone. Shortly before 7:00 p.m., the defendant called the CW back and told the CW to meet him at 8th and Longfellow Streets, N.W. Shortly after 7:00 p.m., the CW drove to 8th and Longfellow Streets, N.W., and met the defendant. The defendant gave the CW 3 ziplocks bags containing .91 grams of cocaine base in exchange for $60.00. The drug transaction was video taped by the FBI. Immediately after the defendant exited the CW's car he was arrested. A search incident to arrest of the defendant revcealed the pre-recorded $60.00 in U.S. Currency, and the cellular telephone he used to call the CW.

    2.    Federal Rule of Evidence 609(a)(1) provides for the admission of prior felony convictions of a defendant for impeachment purposes, subject to the time constraints of Rule 609(b), if the Court determines that the probative value of the evidence outweighs its prejudicial effect to the defendant. Here, the defendant's convictions clearly qualify and meet the requirements of Rule 609(b).

    3.    In evaluating whether the probative value of a conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting <u>en banc</u>,

that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc). In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the Lipscomb court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis. Id. at 1051, 1073.

As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In Lewis, the defendant was charged, among other things, with distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act. Id. at 943, 947. The court held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, id. at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury. Id. at 950.[1]

---

[1] To be sure, the court in Lewis acknowledged that in a narcotics prosecution a prior narcotics conviction carries more prejudice, and it noted that in this case the evidence of the conviction carried more probative value where the defendant had testified that he was not knowledgeable about drug transactions. Id. at 951. Nonetheless, as the Court of Appeals noted en banc, this additional factor was not critical in determining that the probative value of the conviction outweighed its prejudice. While Lewis might at first be considered a "special" case because the prior conviction served not only to impeach credibility but also to rebut specific testimony, the Court in Lipscomb commented, "our analysis did not treat this [additional] reason as critical" in holding the conviction admissible under the balancing test. Lipscomb, 702 F.2d at

5.    Inasmuch as every impeachment by prior conviction involve some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendant in this case. Cf. Lipscomb, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original). Should the defendant testify in this case, the issue of his credibility will be a central issue for the jury. The probative value of the convictions in assessing that credibility, involving as it does a serious and recent offense, clearly outweighs whatever prejudice there may be to the defendant -- particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court grant the governments motion to impeach the defendant's credibility with his prior convictions should he testify at trial.

Respectfully submitted,

KENNETH L. WAINSTEIN.
United States Attorney
Bar No. 451058

---

Anthony Scarpelli
Assistant United States Attorney
Narcotics Section, D.C. Bar No. 474711
555 4th Street, N.W.  #4816
Washington, DC 20530
Phone: 353-1679

---

1058, n.35 (en banc).

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Government's Motion To Admit Evidence Pursuant to Federal Rule of Evidence 404(b), has been provided to Stephen F. Brennwald, Esquire, 922 Pennsylvania Avenue, S.E. Washington, D.C. 20003, this 1st day of August, 2005.

_____
ANTHONY SCARPELLI
Assistant United States Attorney