UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v | : | CRIMINAL NO. 05-231(RJL) |
| | : | |
| FREDDIE TILLERY | : | |

**GOVERNMENT'S MOTION IN LIMINE SEEKING
ADMISSION OF EVIDENCE
PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b). The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

1. The defendant has been charged in a two-count indictment with two counts of Unlawful Distribution of Cocaine Base. The defendant has the following prior convictions:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
| --- | --- | --- | --- | --- |
| Att. Distribute of Cocaine | F-2729-95 | D.C. Sup. Ct. | 18 months probation | 11-16-95 |
| Att. Possession with Intent to Distribute Cocaine | F-1545-01 | D.C. Sup. Ct. | 27 years ESS, 2 years probation | 1-10-02 |

On May 16, 2005, a confidential witness ("CW") working for the Federal Bureau of Investigation's Safe Streets Task Force purchased two ziplock bags of cocaine base from the defendant. Specifically, shortly after 8:00 p.m., the CW contacted the defendant by calling him on his cellular telephone. The defendant agreed to sell a quantity of

cocaine base to the CW in the area of the 700 Block of Longfellow Street, N.W., Washington, D.C. The CW drove into the 700 Block of Longfellow Street, N.W. and met the defendant. The defendant gave the CW 2 ziplocks bags containing .55 grams of crack cocaine in exchange for $40.00. This drug transaction was video taped by the FBI.

On May 17, 2005, the CW purchased an additional three ziplocks of cocaine base from the defendant. Specifically, shortly after 5:00 p.m., the CW contacted the defendant by calling him on his cellular telephone. Shortly before 7:00 p.m., the defendant called the CW back and told the CW to meet him at 8th and Longfellow Streets, N.W. Shortly after 7:00 p.m., the CW drove to 8th and Longfellow Streets, N.W., and met the defendant. The defendant gave the CW 3 ziplocks bags containing .91 grams of cocaine base in exchange for $60.00. The drug transaction was video taped by the FBI. Immediately after the defendant exited the CW's car he was arrested. A search incident to arrest of the defendant revealed that the defendant had the pre-recorded $60.00 in U.S. Currency, and the cellular telephone he used to call the CW.

## OTHER CRIMES AND BAD ACTS EVIDENCE

The government seeks to introduce evidence of the facts and circumstances surrounding the defendant's previous drug related convictions. The defendant has a prior Attempted Distribution of Cocaine, and a Possession with Intent to Distribute Cocaine, both arising in the District of Columbia. The government will supplement this information with additional specific facts when the undersigned receives the closed files.

The government seeks to introduce this evidence under Federal Rule of Evidence 404(b), for the purpose of proving intent, knowledge, and absence of mistake.

### Legal Analysis and Argument

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of

"inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002) (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[1]

---

[1] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial

As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793 (citation omitted). In the instant case, among other things, the government must prove that the defendant constructively possessed the cocaine he sold to the SW, with the intent to distribute it. The "other crimes" evidence of defendant's previous possession of cocaine, with the intent to distribute it, his highly probative of the defendant's knowing and intentional possession of the cocaine in this case. It also shows that the defendant's possession of the cocaine was not the result of mistake or accident. As the Court of Appeals observed en banc, "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth. Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession." Crowder, 141 F.3d at 1209, n.5 (en banc).

Because of the highly probative nature of such Rule 404(b) evidence in the context of drug cases, the courts have generally not hesitated to admit such evidence for the purposes sought here. See, e.g., United States v. Burch, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of defendant's prior arrest and conviction for PWID crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine); Crowder,

---

court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. t 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge) (en banc); United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)).  The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case.  Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN.
United States Attorney
Bar No. 451058


Anthony Scarpelli
Assistant United States Attorney
Narcotics Section, D.C. No. 474711
555 4th Street, N.W.  #4816
Washington, DC 20530
Phone: 353-1679


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Motion To Admit Evidence Pursuant to Federal Rule of Evidence 404(b), has been provided to Stephen F. Brennwald, Esquire, 922 Pennsylvania Avenue, S.E. Washington, D.C. 20003, this 1st day of August, 2005.

_____
Anthony Scarpelli
Assistant United States Attorney