

**FILED**
OCT 11 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. Department of Justice

United States Attorney

_District of Columbia_

_Judiciary Center_
_555 Fourth St. N.W._
_Washington, D.C. 20001_

October 11, 2005

Stephen F. Brennwald, Esquire
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, S.E.
Washington, D.C. 20003
(202) 544-1990

Re: <u>United States v. Freddie Tillery, Jr.</u>
Criminal Number 05-231 (RJL)

Dear Brennwald:

This letter confirms the agreement between your client, Freddie Tillery, Jr., and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. This plea agreement, including each and every paragraph, is binding only on the parties, the terms of the plea agreement are not binding on the Court. The matter is set for a plea hearing before the Honorable Richard J. Leon, on October 11, at 4:30 p.m. The terms of the offer are as follows:

<u>Freddie Tillery, Jr.'s Obligations, Acknowledgments and Waivers</u>:

1. Your client, Freddie Tillery, Jr., agrees to admit guilt and enter a plea of guilty to Count Two in the pending indictment, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C). Your client understands that pursuant to 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C) the charge carries a potential sentence of up to twenty years imprisonment, a fine of not more than $1,000,000, or both. Furthermore, he may be subjected to a term of supervised release of not more than five years. The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. Sections 3553(a), including consideration of the Guidelines and policies promulgated by the United States Sentencing Commission Guidelines ("Sentencing

Rev. 1/18/05 daj

Guidelines").[1]  In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for 1.46 grams of cocaine base, also known as crack, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute.

3. The Government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in this agreement. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

4. In addition, your client agrees to waive your client's interest in and not to contest the administrative forfeiture of the following property: 1.46 grams of cocaine base as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of illegal drug trafficking and/or property used or intended to be used to commit or to facilitate illegal drug trafficking. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real

---

[1]    **It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the Court impose a sentence outside the Guidelines range.**

or personal, that are subject to forfeiture pursuant to any federal statute.

5. Your client further understands that your client's conditions of release, after he has pled guilty, are a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government or representations made on behalf of the defendant.

6. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury ,or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.[2]

7. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

8. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

9. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

---

[2] **By entering this plea, your client also waives any and all right he might have, pursuant to 18 U.S.C. Section 3600, to require DNA testing of any physical evidence in the possession of the Government. The defendant fully understands that, as a result of this waive, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.**

Rev. 1/18/05 daj                                3

## THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

10. This Office will request that the Court dismiss the remaining counts of the indictment in this case at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

11. The Government will request, but the Court is not bound to accept, that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her the plea of guilty in this case.

General Conditions

12. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

13. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

14. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

_____
KENNETH L. WAINSTEIN.
UNITED STATES ATTORNEY

_____
Anthony Scarpelli
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Stephen F. Brennwald, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 10/11/05                                  _Freddie Tillery Jr_
                                                Freddie Tillery, Jr.
                                                Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 10-11-05                                  _____
                                                Stephen F. Brennwald, Esquire
                                                Attorney for the Defendant

Rev. 1/18/05 daj                                6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
v.                                :    CRIMINAL NO. 05-231 (RJL)
                                  :
                                  :
FREDDIE TILLERY JR.               :

## GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.    ELEMENTS OF THE OFFENSE:

The essential elements of the offense of Unlawful Possession with Intent to Distribute a Cocaine Base in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C) are:

1.    That the defendant possessed a controlled substance, namely cocaine base.

2.    That the defendant possessed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3.    That when the defendant possessed the controlled substance he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

See District of Columbia Criminal Jury Instruction 4.29 (1993) ("Red Book").

Rev. 1/18/05 daj                        7

II.    COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

III.    PENALTIES:

Pursuant to 28 U.S.C. Sections 841 (a)(1) and 841(b)(1)(C), the defendant may be imprisoned for not more than twenty years, subjected to a fine of not more than $1,000,000, or both. Furthermore, he may be subjected to a term of supervised release of not more than five years. 18 U.S.C. Section 3583(b)(2).

The defendant agrees to pay a special assessment of $100 to the Clerk's Office for the United States District Court prior to the date of sentencing.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____
ANTHONY SCARPELLI
Assistant United States Attorney
D.C. Bar No. 474711
Narcotics Section
555 4th Street, N.W. Room #4816
Washington, D.C. 20530
(202) 353-1679; Fax: 514-8707

Rev. 1/18/05 daj                              8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to the attorney for the defendant, Stephen F. Brennwald, Esquire, this 26th day of September, 2005.

_____
ANTHONY SCARPELLI
ASSISTANT UNITED STATES ATTORNEY

# FACTUAL PROFFER

The defendant, Mr. Freddie Tillery, Jr. has been charged with two counts of Unlawful Possession with Intent to Distribute Cocaine Base.

If this case would have gone to trial the government would have proven the following, beyond a reasonable doubt that: On May 16, 2005, a confidential witness ("CW") working for the Federal Bureau of Investigation's Safe Streets Task Force purchased two ziplock bags of cocaine base from the defendant. Specifically, shortly after 8:00 p.m., the CW contacted the defendant by calling him on his cellular telephone. The defendant agreed to sell a quantity of cocaine base to the CW in the area of the 700 Block of Longfellow Street, N.W., Washington, D.C. The CW drove into the 700 Block of Longfellow Street, N.W. and met the defendant. The defendant gave the CW 2 ziplocks bags containing .55 grams of crack cocaine in exchange for $40.00. This drug transaction was video taped by the FBI.

On May 17, 2005, the CW purchased an additional three ziplocks of cocaine base from the defendant. Specifically, shortly after 5:00 p.m., the CW contacted the defendant by calling him on his cellular telephone. Shortly before 7:00 p.m., the defendant called the CW back and told the CW to meet him at 8th and Longfellow Streets, N.W. Shortly after 7:00 p.m., the CW drove to 8th and Longfellow Streets, N.W., and met the defendant. The defendant gave the CW 3 ziplocks bags containing .91 grams of cocaine base in exchange for $60.00. The drug transaction was video taped by the FBI. Immediately after the defendant exited the CW's car he was arrested. A search incident to arrest of the defendant revealed that the defendant had the pre-recorded $60.00 in U.S. Currency, and the cellular telephone he used to call the CW.

On or about June 2, 2005, the DEA Mid-Atlantic Laboratory examined the white powder sold to the CW. The forensic chemist concluded that the white powder the defendant sold to the CW on May 16, 2005, was .55 grams of cocaine base, and the white powder the defendant sold to the CW was .91 grams of cocaine base.