UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | CRIMINAL NO.  05-231(RJL) |
| | : | |
| FREDDIE TILLERY | : | |
| Defendant. | | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR WEEKEND OVERNIGHT RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this opposition to defendant's Motion for Weekend Overnight Release.  In support of this opposition the government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

## BACKGROUND

On May 16, 2005, a confidential witness ("CW") working for the Federal Bureau of Investigation's Safe Streets Task Force purchased two ziplock bags of cocaine base from the defendant.  Specifically, shortly after 8:00 p.m., on that day, the CW contacted the defendant by calling him on his cellular telephone.  The defendant agreed to sell a quantity of cocaine base to the CW in the area of the XXX Block of XXXXXXXXXX XXXXXX, X.X., Washington, D.C.  The CW drove into the XXX block of XXXXXXXXXX XXXXXX, X.X. and met the defendant.  The defendant gave the CW 2 ziplocks bags containing .55 grams of crack cocaine in exchange for $40.00.  This drug transaction was video taped by the FBI.

On May 17, 2005, the CW purchased an additional three ziplocks of cocaine base from the defendant. Specifically, shortly after 5:00 p.m., the CW contacted the defendant by calling him on

1

his cellular telephone. Shortly before 7:00 p.m., the defendant called the CW back and told the CW to meet him at $X^{XX}$ and XXXXXXXXXXX XXXXX, N.W. Shortly after 7:00 p.m., the CW drove to $X^{XX}$ and XXXXXXXXXX XXXXXXX, X.X., and met the defendant. The defendant gave the CW 3 ziplocks bags containing .91 grams of cocaine base in exchange for $60.00. The drug transaction was video taped by the FBI. The defendant exited the CW's car and was immediately arrested. A search incident to arrest of the defendant revealed that the defendant had the pre-recorded $60.00 in U.S. Currency, and the cellular telephone he used to call the CW. The defendant was charged in a two-count indictment with two counts of Unlawful Distribution of Cocaine Base. On October 11, 2005, the defendant pled guilty to one count of Unlawful Distribution of Cocaine Base. The Court continued the defendant on release to a halfway house with the following conditions: that he may leave the halfway house from 8:00 a.m. to 9:00 p.m., on Saturdays ands Sundays; that the defendant obtain employment; he may receive social passes on the weekends to visit family; and drug testing and counseling.

## ARGUMENT

The defendant comes before the Court requesting that he be released from the halfway house for the entire weekend. The government would object to the defendant's request. The defendant, on two separate occasions had cocaine base readily available and sold the illegal narcotics to an individual working for law enforcement. The defendant's criminal conduct was not an isolated incident.

The defendant has a substantial criminal history. The defendant has a 2002 conviction for attempted possession with the intent to distribute cocaine. The defendant was sentenced to twenty-seven years, execution of sentence suspended, with two years probation. The defendant's probation

expired unsuccessfully. The defendant also has a 1995 conviction for attempted distribution of cocaine. The defendant received an eighteen month probationary sentence. The defendant's probation was revoked, and the defendant was sentenced to one-hundred twenty day imprisonment.

The defendant is scheduled to be sentenced on January 19, 2006. Based on the United States Sentencing Guidelines, the defendant faces between two-hundred sixty-two and three-hundred twenty-seven months imprisonment when he is to be sentenced. Based on the defendant past criminal history and the circumstances in this case the defendant is both a flight risk and a danger to the community. The defendant has not provided the Court with a reason that warrants his release conditions to be changed.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the defendant's motion to be denied.

Respectfully submitted,

KENNETH L. WAINSTEIN.
United States Attorney
Bar No. 451058

_____
Anthony Scarpelli
Assistant United States Attorney
Narcotics Section, D.C. No. 474711
555 4th Street, N.W.  #4816
Washington, DC 20530
Phone: 353-1679

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Government's Opposition to Defendant's Motion for Weekend Overnight Release, has been provided to Stephen F. Brennwald, Esquire, 922 Pennsylvania Avenue, S.E. Washington, D.C. 20003, this 22nd day of December, 2005.

_____
Anthony Scarpelli
Assistant United States Attorney